UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. BESHEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV219 HEA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Mary Ann L. Medler, that the decision of the Commissioner be affirmed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007). Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that both detracts from and evidence that supports the Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th Cir. 2009).

Plaintiff has filed written objections to Judge Medler's recommendation that the Commissioner's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act be affirmed. Plaintiff objects to Judge Medler's lack of consideration of Regina Walton's (Plaintiff's "significant other") letter.

Plaintiff objects to Judge Medler's Report and Recommendation claiming that Ms. Walton is one of his witnesses as to how much pain and discomfort he has been experiencing since his injury. To the contrary, Judge Medler initially noted that Ms Walton's statement was not properly before the Court, since it was not submitted to either the ALJ or the Appeals Council. Judge Medler continued, however, to find that *even considering* Ms. Walton's statements, the decision of the ALJ is supported by substantial evidence.

Plaintiff further objects to Judge Medler's findings regarding his ability to perform light work. Plaintiff argues that he is very limited in the amount of work he can perform in a one-two hour span, and that the 6-8 hours indicated by the ALJ was, in his opinion, totally incorrect. He urges that at times when he had over exerted himself, he was on pain medication for the "rest of the entire night." The ALJ based his opinion, in part, on the fact that no physician opined that Plaintiff cannot engage in any type of work, and thus, Plaintiff's subjective complaints are discounted. There are no physician opinions in the record that Plaintiff is disabled. As Judge Medler correctly held, a record which contains no physician opinions of disability detracts from Plaintiff's subjective complaints. See *Edwards v. Secretary of Health & Human Services*, 809 F.2d 506, 508 (8th Cir. 1987); *Fitzsimmons v. Mathews*, 647 F.2d 862, 863 (8th Cir. 1981). Plaintiff's objection is without merit.

Plaintiff also objects to Judge Medler's discussion of the ALJ's findings with respect to Plaintiff's credibility. The record establishes each and every finding: Plaintiff did not receive regular treatment for his spinal impairment. Plaintiff complains that noone told him how to obtain financial assistance. The record contains no documentation with respect to Plaintiff's attempts to do so; Plaintiff did not follow through with suggestions that he might be a candidate for fusion. Plaintiff argues that his physician told him he was not a candidate for fusion, however, there was nothing before the ALJ supporting this conclusion. Plaintiff claims he is unable to do sedentary work because he cannot sit for long periods of time, however Dr. Cohen opined that Plaintiff was capable of sedentary work, and that he could lift up to thirty pounds. Thus, as previously stated, Dr. Cohen's findings and the lack of any physician's determination that Plaintiff is disabled, detracts from Plaintiff's subjective complaints.

With respect to Plaintiff's daily activities, Plaintiff argues that he does not perform all of the activities everyday. This contention does not eliminate the fact that Plaintiff's range of activities can be seen as inconsistent with his subjective complaints of a disabling impalement.

Finally, Plaintiff "commented" on the third factor discussed in the Report and Recommendation regarding sedentary work that he is a 50 year old man who has

Plaintiff also objects to Judge Medler's discussion of the ALJ's findings with respect to Plaintiff's credibility. The record establishes each and every finding: Plaintiff did not receive regular treatment for his spinal impairment. Plaintiff complains that noone told him how to obtain financial assistance. The record contains no documentation with respect to Plaintiff's attempts to do so; Plaintiff did not follow through with suggestions that he might be a candidate for fusion. Plaintiff argues that his physician told him he was not a candidate for fusion, however, there was nothing before the ALJ supporting this conclusion. Plaintiff claims he is unable to do sedentary work because he cannot sit for long periods of time, however Dr. Cohen opined that Plaintiff was capable of sedentary work, and that he could lift up to thirty pounds. Thus, as previously stated, Dr. Cohen's findings and the lack of any physician's determination that Plaintiff is disabled, detracts from Plaintiff's subjective complaints.

With respect to Plaintiff's daily activities, Plaintiff argues that he does not perform all of the activities everyday. This contention does not eliminate the fact that Plaintiff's range of activities can be seen as inconsistent with his subjective complaints of a disabling impalement.

Finally, Plaintiff "commented" on the third factor discussed in the Report and Recommendation regarding sedentary work that he is a 50 year old man who has

Plaintiff also objects to Judge Medler's discussion of the ALJ's findings with respect to Plaintiff's credibility. The record establishes each and every finding: Plaintiff did not receive regular treatment for his spinal impairment. Plaintiff complains that noone told him how to obtain financial assistance. The record contains no documentation with respect to Plaintiff's attempts to do so; Plaintiff did not follow through with suggestions that he might be a candidate for fusion. Plaintiff argues that his physician told him he was not a candidate for fusion, however, there was nothing before the ALJ supporting this conclusion. Plaintiff claims he is unable to do sedentary work because he cannot sit for long periods of time, however Dr. Cohen opined that Plaintiff was capable of sedentary work, and that he could lift up to thirty pounds. Thus, as previously stated, Dr. Cohen's findings and the lack of any physician's determination that Plaintiff is disabled, detracts from Plaintiff's subjective complaints.

With respect to Plaintiff's daily activities, Plaintiff argues that he does not perform all of the activities everyday. This contention does not eliminate the fact that Plaintiff's range of activities can be seen as inconsistent with his subjective complaints of a disabling impalement.

Finally, Plaintiff "commented" on the third factor discussed in the Report and Recommendation regarding sedentary work that he is a 50 year old man who has

mainly worked in the construction area and that he is not very good at reading and has to use a calculator to do math.  Plaintiff fails to articulate further, but the Court assumes Plaintiff is arguing that there is no sedentary job Plaintiff can perform.  There are, however, a number of jobs which do not entail performing math and/or extensive reading for which Plaintiff may be qualified.

Judge Medler thoroughly analyzed Plaintiff's claims.  The Report and Recommendation details the law and its application to the facts contained in the administrative record.  The Report and Recommendation is adopted and Plaintiff's objections thereto are overruled in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 26th day of February, 2010.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE